The information available on Case.net is provided as a service and is not considered an official court record.

Case.net:26SF-CC00113 - ADAMS V. R.K. ADMINISTRATIVE SERVICES, LLC (E-CASE) - Docket Entries

---

| Respond to Selected Documents |          Sort by date: Descending Ascending          Display options: All Entries  ⌄

**06/05/2026**

    **Corporation Served**

    Document ID - 26-SMCC-473; Served To - R.K. ADMINISTRATIVE SERVICES, LLC; Served Date - 06/03/2026; Served Time - 10:05:00; Service Type - SD; Reason Description - SERV; Service Text -Left with Tracy, Intake Specialist

    **Notice of Service**

    Summons served to R.K Administrative Services LLC

**05/21/2026**

    **Judge Assigned**

**05/20/2026**

    **Summons Issued-Circuit**

    Document ID: 26-SMCC-473, for R.K. ADMINISTRATIVE SERVICES, LLC

**05/19/2026**

    **Filing Info Sheet eFiling**

    **Filed By:** DOUGLAS BRIAN PONDER

    **Pet Filed in Circuit Ct**

    Petition For Damages.

    **Filed By:** DOUGLAS BRIAN PONDER

    **On Behalf Of:** JODY ADAMS

26SF-CC00113

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **JODY ADAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| | ) | |
| **R.K. ADMINISTRATIVE** | ) | |
| **SERVICES, LLC,** | ) | |
| Serve: CT Corporation System | ) | |
| 5661 Telegraph Road, Suite 4B | ) | |
| Saint Louis, MO 63129-4275 | ) | JURY TRIAL DEMANDED |
| | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Jody Adams (hereinafter "Adams" or "Plaintiff"), and for his Petition for Damages against Defendant states:

**Nature of Action**

1.      This action contains claims brought pursuant to the Missouri Human Rights Act (MHRA), chapter 213 RSMo.

**Parties**

2.      Plaintiff is an adult male citizen of the State of Missouri.

3.      Defendant R.K. Administrative Services, LLC (hereinafter "Rural King" or "Defendant") is a duly organized Illinois limited liability company, registered to do business in the State of Missouri.

4.      At all times relevant to this lawsuit, Rural King was an employer within the meaning of the MHRA in that it employed more than six employees in the State of Missouri.

**Venue**

1

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

5.      Venue is proper in St. Francois County because the unlawful discriminatory practices occurred in St. Francois County, Missouri.

## Procedural Prerequisites

6.      On or about July 28, 2025, Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR), through dual filing, wherein he alleged Rural King unlawfully discriminated and retaliated against him.

7.      On or about February 23, 2026, the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue.

## Factual Allegations

8.      Adams (male) was employed by Respondent at its Rural King store located in Farmington, MO, beginning on January 22, 2023.

9.      Initially, Adams worked as a Tractor Salesman, but in January, 2024, Adams began working as the Receiving Manager.

10.      Adams reported to the Store Manager (male).

11.      While working as Receiving Manager, Adams worked with other managers throughout the store.

12.      One such manager was the Assistant Store Manager (female).

13.      The Assistant Store Manager sexually harassed Adams and several other male employees.

14.      For example, on one occasion she overheard Adams reference boxes while speaking to another employee.  She then said: "what's this I hear about you playing with women's boxes."

2

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

15. On another occasion, as part of his work duties, Adams needed to drive to the bank along with the Assistant Store Manager (separate vehicles), and when Adams suggested he would follow her, she stated: "don't be surprised if we end up at my place."

16. Adams, along with other employees, complained to HR and the Store Manager about the Assistant Store Manager's inappropriate conduct, yet no action was taken, and in fact the hostile environment only worsened, including but not limited to unreasonable work assignments and other retaliatory conduct.

17. As a result of the discriminatory and retaliatory environment within the store, numerous employees resigned, including Adams.

18. Adams' last day was February 4, 2025.

19. Adams did not wish to resign, but did so because of the discriminatory and retaliatory work environment and management's failure to take corrective action.

20. Adams was meeting the expectations of his position at all times relevant herein.

21. Following Adams' resignation from Rural King, he began working at a local home improvement store on February 14, 2025.

22. Approximately two weeks after Adams began this employment (approximately March 1, 2025), a female individual made an anonymous allegation against Adams to the store, specifically stating that Adams acted inappropriately towards her while she was in the store.

23. Management for the store investigated the complaint and were able, through video evidence, to determine: (i) the allegation was categorically false as Adams was not working on the day in question, and (ii) the individual that made the false allegation was Rural King's Assistant Store Manager's daughter (an employee at Adams' new place of employment recognized her identity).

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

24.    Upon information and belief, Rural King management arranged the false allegation against Adams because they were angry about Adams' resignation.

**Count I – Retaliation (False Allegation)**
**Plaintiff v. Rural King**

25.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

26.    The MHRA's prohibition against retaliation is broad.

27.    Specifically, RSMo. § 213.070.1(2) prohibits an employer from retaliating "in any manner against any other person because such person has opposed any practice prohibited by this Chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter."

28.    Adams opposed discrimination when he complained about and resigned due to the hostile work environment he was enduring.

29.    Adams had a reasonable belief that he had been discriminated against.

30.    Defendant retaliated against Adams by arranging a false allegation to be made against Adams at his new place of employment.

31.    Adams' opposition to discrimination was a motivating factor to the retaliatory action taken by Defendant, meaning it actually played a role in and had a determinative influence on the retaliatory action.

32.    In addition, but for Adams' opposition to discrimination, Defendant would not arranged a false allegation to be made against Adams at his new place of employment.

33.    Adams was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering humiliation, embarrassment, and emotional distress.

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

34.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally retaliated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count II – Gender Discrimination/Sexual Harassment (Constructive Discharge) Plaintiff v. Rural King

35.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

36.     Plaintiff is male, and therefore is a member of a protected group.

37.     Plaintiff suffered severe and pervasive harassment, which forced Plaintiff to resign on or about February 4, 2025.

38.     The severe and pervasive harassment Plaintiff suffered was unwelcome.

39.     At the time of Plaintiff's resignation, his working conditions had become intolerable such that Plaintiff was compelled to resign.

40.     Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

41.     Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

42.     Plaintiff's gender was a motivating factor to Defendant's discriminatory actions against Plaintiff, meaning it actually played a role in and had a determinative influence on the adverse action.

5

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

43.     In addition, but for his gender, Plaintiff would not have been subject to the discriminatory actions taken against him.

44.     Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering economic harm, humiliation, embarrassment, and emotional distress.

45.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count III – Gender Discrimination/Sexual Harassment (Hostile Work Environment)**
**Plaintiff v. Rural King**

46.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

47.     Plaintiff is male, and therefore is a member of a protected group.

48.     Plaintiff suffered severe and pervasive harassment.

49.     The severe and pervasive harassment Plaintiff suffered was unwelcome.

50.     Plaintiff's gender was a motivating factor to Defendant's discriminatory actions against Plaintiff, meaning it actually played a role in and had a determinative influence on the adverse action.

51.     In addition, but for his gender, Plaintiff would not have been subject to the discriminatory actions taken against him.

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

52.     This unwelcome harassment adversely affected Plaintiff's employment because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

53.     Defendant did not try to correct the harassing behavior despite knowing about it.

54.     Defendant, through numerous employees, was fully aware of the hostile environment/ harassment Plaintiff was enduring, yet consciously chose to allow it to proceed.

55.     The harassment Plaintiff endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

56.     Plaintiff believed that his environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the environment to be hostile and abusive.

57.     Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering economic harm, humiliation, embarrassment, and emotional distress.

58.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count IV – Retaliation (Constructive Discharge)
### Plaintiff v. Rural King

7

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

59.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

60.     Plaintiff opposed discrimination when he complained to HR and the Store Manager about the hostile working environment within the store.

61.     Plaintiff had a reasonable belief that he was being discriminated against.

62.     Plaintiff suffered severe and pervasive harassment, which forced Plaintiff to resign on or about February 4, 2025.

63.     The severe and pervasive harassment Plaintiff suffered was unwelcome.

64.     At the time of Plaintiff's resignation, his working conditions had become intolerable such that Plaintiff was compelled to resign.

65.     Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

66.     Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

67.     Plaintiff's opposition to discrimination was a motivating factor to Defendant's discriminatory actions against Plaintiff, meaning it actually played a role in and had a determinative influence on the adverse action.

68.     In addition, but for opposition to discrimination, Plaintiff would not have been subject to the discriminatory actions taken against him.

69.     Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering economic harm, humiliation, embarrassment, and emotional distress.

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

70. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff and denied him benefits of employment without just cause or excuse because Plaintiff was exercising his rights under the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

<u>**Count V – Retaliation (Hostile Work Environment)**</u>
<u>**Plaintiff v. Rural King**</u>

71. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

72. Plaintiff opposed discrimination when he complained to HR and the Store Manager about the hostile working environment within the store.

73. Plaintiff had a reasonable belief that he was being discriminated against.

74. Plaintiff suffered severe and pervasive harassment.

75. The severe and pervasive harassment Plaintiff suffered was unwelcome.

76. Plaintiff's opposition to discrimination was a motivating factor to Defendant's discriminatory actions against Plaintiff, meaning it actually played a role in and had a determinative influence on the adverse action.

77. In addition, but for his opposition to discrimination, Plaintiff would not have been subject to the discriminatory actions taken against him.

9

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

78.     This unwelcome harassment adversely affected Plaintiff's employment because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

79.     Defendant did not try to correct the harassing behavior despite knowing about it.

80.     Defendant, through numerous employees, was fully aware of the hostile environment/ harassment Plaintiff was enduring, yet consciously chose to allow it to proceed.

81.     The harassment Plaintiff endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

82.     Plaintiff believed that his environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the environment to be hostile and abusive.

83.     Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering economic harm, humiliation, embarrassment, and emotional distress.

84.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff and denied him benefits of employment without just cause or excuse because Plaintiff was exercising his rights under the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count VI – Association (Constructive Discharge)
### Plaintiff v. Rural King

10

Electronically Filed – St. Francois – May 19, 2026 – 02:49 PM

85.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

86.    Plaintiff was associated with other employees that complained about the discriminatory and abusive working environment within the store.

87.    Plaintiff suffered severe and pervasive harassment, which forced Plaintiff to resign on or about February 4, 2025.

88.    The severe and pervasive harassment Plaintiff suffered was unwelcome.

89.    At the time of Plaintiff's resignation, his working conditions had become intolerable such that Plaintiff was compelled to resign.

90.    Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

91.    Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

92.    Plaintiff's association with other employees that complained about the discriminatory and abusive working environment within the store was a motivating factor to Defendant's discriminatory actions against Plaintiff, meaning it actually played a role in and had a determinative influence on the adverse action.

93.    In addition, but for his association with other employees that complained about the discriminatory and abusive working environment within the store, Plaintiff would not have been subject to the discriminatory actions taken against him.

94.    Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering economic harm, humiliation, embarrassment, and emotional distress.

11

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

95.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count VII – Association (Hostile Work Environment)
## Plaintiff v. Rural King

96.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

97.     Plaintiff was associated with other employees that complained about the discriminatory and abusive working environment within the store.

98.     Plaintiff suffered severe and pervasive harassment.

99.     The severe and pervasive harassment Plaintiff suffered was unwelcome.

100.    Plaintiff's association with other employees that complained about the discriminatory and abusive working environment within the store was a motivating factor to Defendant's discriminatory actions against Plaintiff, meaning it actually played a role in and had a determinative influence on the adverse action.

101.    In addition, but for his association with other employees that complained about the discriminatory and abusive working environment within the store, Plaintiff would not have been subject to the discriminatory actions taken against him.

12

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

102.    This unwelcome harassment adversely affected Plaintiff's employment because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

103.    Defendant did not try to correct the harassing behavior despite knowing about it.

104.    Defendant, through numerous employees, was fully aware of the hostile environment/ harassment Plaintiff was enduring, yet consciously chose to allow it to proceed.

105.    The harassment Plaintiff endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

106.    Plaintiff believed that his environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the environment to be hostile and abusive.

107.    Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering economic harm, humiliation, embarrassment, and emotional distress.

108.    Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both compensatory and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

Electronically Filed - St. Francois - May 19, 2026 - 02:49 PM

Respectfully submitted,

 PONDER LAW OFFICES LLC

By_____/s/ Douglas Ponder_____
Douglas B. Ponder, #54968
dbp@ponder-law.com
20 South Sarah St.
St. Louis, MO 63108
314-272-2621
Fax:  314-272-2713
*Attorney for Plaintiff*

14



# Summons in Civil Case

IN THE 24TH JUDICIAL CIRCUIT, ST. FRANCOIS COUNTY, MISSOURI

| Judge or Division: | Case Number:  26SF-CC00113 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JODY ADAMS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS BRIAN PONDER<br>1141 S  7TH ST  SUITE 309<br>ST  LOUIS, MO  63104 | |
| Defendant/Respondent:<br> R.K. ADMINISTRATIVE SERVICES, LLC | Court Address:<br>1 NORTH WASHINGTON ST<br>FARMINGTON, MO  63640 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:**   R.K. ADMINISTRATIVE SERVICES, LLC
**Alias:**
**5661 TELEGRAPH ROAD SUITE 4B**
**SAINT LOUIS, MO  63129-4275**
**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. FRANCOIS COUNTY*

| 20-MAY-2026 | /s/ Kristina Bone By: Amber Ashley |
|---|---|
| Date | Clerk |

**Further Information:**

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*       My commission expires: _____ _____

Date                          Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE TWENTY-FOURTH JUDICIAL CIRCUIT OF MISSOURI

ORDER ASSIGNING JUDGE

IN THE MATTER OF:

ADAMS
VS
R.K. ADMINISTRATIVE
SERVICES, LLC

Case Number   26SF-CC00113

NOW ON THIS   21st   day of   May   , 20 26 ,

the undersigned, as Presiding Judge of the Twenty-fourth Judicial Circuit, pursuant

to the powers granted by statute and local court rules, does assign the above-

styled cause to the Honorable   Brice Sechrest

IT IS FURTHER ORDERED that the judge assigned hereby shall have all

Powers and responsibilities for this cause as assigned by operation of law and

the same shall continue until final disposition of the above-styled matter. The

clerk is ordered to notify said Judge and counsel of this appointment.

_____
BRICE SECHREST
PRESIDING JUDGE
24TH JUDICIAL CIRCUIT

Order Assigning Judge  - 2026

Electronically Filed - ST. FRANCOIS - June 05, 2026 - 10:34 AM



# Summons in Civil Case

26-30791     RETURN     SB
6-19

## IN THE 24TH JUDICIAL CIRCUIT, ST. FRANCOIS COUNTY, MISSOURI

| Judge or Division: | Case Number: **26SF-CC00113** | |
|---|---|---|
| Plaintiff/Petitioner:<br>JODY ADAMS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS BRIAN PONDER<br>1141 S 7TH ST SUITE 309<br>ST LOUIS, MO 63104 | |
| Defendant/Respondent:<br>R.K. ADMINISTRATIVE SERVICES, LLC | Court Address:<br>1 NORTH WASHINGTON ST<br>FARMINGTON, MO 63640 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:**   R.K. ADMINISTRATIVE SERVICES, LLC
**Alias:**
**5661 TELEGRAPH ROAD SUITE 4B**
**SAINT LOUIS, MO  63129-4275**

30 GCOR
per petition

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. FRANCOIS COUNTY**

| 20-MAY-2026 | /s/ Kristina Bone By: Amber Ashley |
|---|---|
| Date | Clerk |

**Further Information:**

RECEIVED
2026 MAY 29 PM 4:00
ST. LOUIS COUNTY
SHERIFF'S OFFICE

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-473**
1 of 2 (26SF-CC00113)                     Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - ST. FRANCOIS - June 05, 2026 - 10:34 AM

Case Number: 26SF-CC00113

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_____ TRACI _____ (name) Intake Specialist (title).

☑ other: CT Corp _____.

Served at 5661 Telegraph Rd, Suite 4B, 63129 (address)

in St Louis _____ (County/City of St. Louis), MO, on 06-03-26 (date)

at 10:05 (time).

_____ KEVIN MEHG _____          _____ [signature] _____
     Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____  _____
                                    Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.